# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEKSYSTEMS, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. _____ <br> ) |
| HUMMINGBIRD TEKSYSTEMS, INC., | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## COMPLAINT

Plaintiff TEKsystems, Inc. ("TEKsystems" or "Plaintiff"), for its Complaint against Defendant Hummingbird TekSystems ("Hummingbird" or "Defendant"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff TEKsystems is a Maryland corporation with its principal place of business at 7437 Race Road, Hanover, MD 21076.

2. TEKsystems is engaged in the business of providing outsourcing and managed information technology ("IT") services, computer project management services, technological consultation in the technology field of IT systems and integration, and comprehensive recruiting and placement of temporary and permanent IT employees. TEKsystems maintains a website at https://www.teksystems.com/en/.

3. Defendant Hummingbird TekSystems is a Delaware corporation with its principal place of business at 4 Venture, Suite 220, Irvine, CA 92618.

4. Defendant is engaged in the business of providing engineering, artificial intelligence, technical advancement, engineering, project management, and software development

and testing services, among others, to companies across the United States. Defendant maintains a website at https://hummingbird-tek.com/.

## NATURE OF THE ACTION

5. This is a civil action against Defendant for trademark infringement of TEKsystem's incontestable and federally registered TEKsystems trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for related claims under the common laws of the State of Delaware.

## JURISDICTION AND VENUE

6. The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 15 U.S.C. § 1121, and supplemental jurisdiction over Plaintiff's substantial and related state law claims under 28 U.S.C. § 1367.

7. The Court also has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this is a civil action arising under the common law of the State of Delaware where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. The Court has personal jurisdiction over Defendant in that Defendant operates within the United States and is incorporated in this Judicial District, and has sold, and is selling, its services to customers throughout the State of Delaware, and throughout the United States. Additionally, upon information and belief, Defendant regularly enters into contracts, and transacts business, with businesses operating within the State of Delaware. Further Defendant has designated as its registered agent for service in the State of Delaware A Registered Agent, Inc., 8 The Green, Ste A, Dover, DE 19901.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within the District of Delaware, and is subject to personal jurisdiction in this Judicial District.

## FACTS

### *Plaintiff TekSystems*

10. TEKsystems provides outsourcing and managed information technology ("IT") services, computer project management services, technological consultation in the technology field of IT systems and integration, and comprehensive recruiting and placement of temporary and permanent IT employees throughout the United States, Europe, and Asia. TEKsystems is well known and recognized as a preeminent service company in the IT optimization, technology execution, and IT staffing fields.

11. TEKsystems maintains over 100 offices throughout the United States with over 20,000 employees who are IT professionals. TEKsystems conducts its business through an interactive website located at www.teksystems.com (the "TEKsystems Website").

12. The TEKsystems Website was launched in 1998, and since that time has been a significant aspect of TEKsystems overall public brand and image. A true and correct copy of the landing page of the TEKsystems Website is attached hereto as **Exhibit A**.

13. Plaintiff has been using the formative "TEK" in connection with IT services for over twenty-five (25) years.

14. Plaintiff owns the following trademarks registered in the United States Patent and Trademark Office (collectively, the "TEKsystems Marks"):

| Mark | USPTO Reg. No. | Reg. Date | Representative Goods/Services |
|---|---|---|---|
| TEKSYSTEMS | 2,287,071 | Oct. 19, 1999 | "Temporary and permanent placement of personnel in the |

| Mark | USPTO Reg. No. | Reg. Date | Representative Goods/Services |
|---|---|---|---|
| | | | information systems industry"<br><br>"Computer services, namely, systems management and consultation services in the information systems industry." |
| TEK | 2,720,254 | Jun. 3, 2003 | "Computer services, namely, computer consultation and systems management, integration of computer systems and networks and on-site monitoring of computer systems in the information systems industry" |
| TEKSYSTEMS | 3,291,060 | Sep. 11, 2007 | "Management and business consulting services in the field of call center operation for others . . ." |
| TEKSYSTEMS GLOBAL SERVICES | 4,090,165 | Jan. 24, 2012 | "Employment hiring, recruiting, placement, staffing and career networking services . . ."<br><br>"Computer project management services; Consulting services in the field of computer-based information systems for businesses; Installation of computer software . . ." |

4

| Mark | USPTO Reg. No. | Reg. Date | Representative Goods/Services |
|---|---|---|---|
| TEKSYSTEMS (And Design)  TEKsystems | 4,273,436 | Jan. 8, 2013 | "Employment agency services, namely, filling the temporary and permanent staffing needs of businesses . . ." "Computer project management services; Consulting services in the field of computer-based information systems for businesses; Installation of computer software; Integration of computer systems and networks; Technological consultation in the technology field of information technology systems and integration; Updating of computer software for others" |
| TEKSYSTEMS.SAIGE | 5,957,383 | Jan. 7, 2020 | "Cloud computing featuring software for use to support knowledge base and conversation history environments, namely, software for providing real time insights and updates through the use of artificial intelligence . . ." |

15.     TEKsystems has been using the mark TEKSYSTEMS in connection with IT and related staffing services continuously and exclusively since its first use with customers in September 1997.

5

16. TEKsystems has expended substantial resources to promote its TEKsystems Marks in connection with its services. TEKsystems maintains an internal marketing department, and has made significant expenditures devoted to maintaining an interactive Internet website, research, advertising, marketing, attending trade shows, sponsoring community-related events, and enforcing its right to exclusive use of the TEKsystems Marks.

17. The TEKsystems Marks are well known and have acquired recognition and distinction in the minds of consumers by virtue of many years of continuous and exclusive use in connection with IT and staffing services, substantial sales, advertising and promotional activities, and Plaintiff's substantial presence in the marketplace.

18. The TEKsystems Marks represent the source and origin of Plaintiff's services offered and provided in association therewith.

19. As a result of the extensive and substantial promotion, advertising, and sales of its services under the TEKsystems Marks, and the maintenance of the highest quality standards relating thereto, the TEKsystems Marks have become well known to the public as a distinctive indication of origin of services.

***Defendant Hummingbird TekSystems***

20. Upon information and belief, Defendant was originally formed as a California corporation in 2015 called "Hummingbird Technologies, LLC." Hummingbird Technologies, LLC was terminated on April 9, 2018.

21. Defendant was formed as a Delaware corporation in 2021 under the name "Hummingbird TekSystems Inc."

22. According to its website at www.hummingbird-tek.com ("Site"), Defendant provides engineering, artificial intelligence, technical advancement, engineering, project

management, and software development and testing services to customers. The Site began operating under the "Hummingbird Technologies" name on or about September 26, 2016.

23. According to public records, the Site was revised on or about April 18, 2021, by changing the name of the company from "Hummingbird Technologies" to "Hummingbird TekSystems." Attached as **Exhibit B** is the Internet Archive Wayback Machine (https://archive.org) snapshot from that date.

24. Plainly, Defendant is using the exact TEKSYSTEMS registered marks to identify its services. Those services are identical or highly related to Plaintiff's services.

25. Defendant's use of Plaintiff's Marks to identify its services is intended to confuse consumers into mistakenly believing that Defendant is affiliated with or sponsored by Plaintiff.

## COUNT I

**(Trademark Infringement Under Section 32 Of The Lanham Act, 15 U.S.C. § 1114)**

26. Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-25.

27. Plaintiff owns all right, title, and interest in and to U.S. Registration 4,273,436 for the mark TEKSYSTEMS (And Design) (the "'436 Registration").

28. The '436 Registration is valid, subsisting, and incontestable.

29. Plaintiff owns all right, title, and interest in and to U.S. Registration 2,287,071 for the mark TEKSYSTEMS (the "'071 Registration").

30. The '071 Registration is valid, subsisting, and incontestable.

31. Plaintiff owns all right, title, and interest in and to U.S. Registration 2,720,254 for the mark TEK (the "254 Registration").

32. The '254 Registration is valid, subsisting, and incontestable.

33. Plaintiff owns all right, title, and interest in and to U.S. Registration 3,291,060 for the mark TEKSYSTEMS (the "'060 Registration").

34. The '060 Registration is valid, subsisting, and incontestable.

35. Defendant is unlawfully and willfully infringing the '436, '071, '254, and '060 Registrations (collectively, "Plaintiff's Registrations") in interstate commerce through the advertising, promotion, sale, and distribution of its services.

36. Defendant's use in interstate commerce of a mark that is virtually identical to the marks shown in Plaintiff's Registrations is likely to cause confusion or deception of consumers as to the source, origin, or sponsorship in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114). Particularly, customers seeking to acquire information technology services are likely to purchase Defendant's services believing them to be those of Plaintiff, thereby resulting in a loss of goodwill and sales to Plaintiff.

37. Defendant's conduct constitutes trademark infringement, and/or induces or contributes to acts of trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

39. Plaintiff has no adequate remedy at law, and unless enjoined by the Court, Defendant will continue to engage in such acts of trademark infringement, to the irreparable damage and injury of Plaintiff.

40. Upon information and belief, Defendant has engaged in the above-referenced acts of trademark infringement with full knowledge of Plaintiff's exclusive rights in Plaintiff's

Registrations, and Defendant continues in such acts of intentional infringement, thus making this case exceptional and entitling Plaintiff to an award of treble its actual damages, plus attorneys' fees in bringing and maintaining this action.

## COUNT II

**(Unfair Competition By False Designation Of Origin
Under Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a))**

41. Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-40.

42. The marks shown and described in Plaintiff's Registrations operate as indicators of source and/or origin of Plaintiff's services, and have acquired distinctiveness via secondary meaning.

43. The marks shown and described in Plaintiff's Registrations are distinctive in the minds of the relevant purchasers of Plaintiff's services as being associated exclusively with Plaintiff.

44. The mark TEK has been in continuous and exclusive use throughout the United States, by Plaintiff in connection with "computer consultation and systems management, . . . ," since at least as early as September 1997.

45. The mark TEKSYSTEMS has been in continuous and exclusive use throughout the United States, by Plaintiff in connection with "[c]omputer services . . . ," since at least as early as September 1997.

46. The mark TEKSYSTEMS has been in continuous and exclusive use throughout the United States, by Plaintiff in connection with "[m]anagement and business consulting services," since at least as early as October 2005.

47. The marks TEKSYSTEMS (And Design) has been in continuous and exclusive use throughout the United States by Plaintiff in connection with "[c]onsulting services in the field of computer-based information systems for businesses; Installation of computer software; Integration of computer systems and networks; Technological consultation in the technology field of information technology systems and integration; Updating of computer software for other computer project management services" since at least as early as October 2012.

48. Defendant, through its use of the marks shown and described in Plaintiff's Registrations in connection with the sale of the infringing services, has without authorization, in connection with its services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of Defendant's services, in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

49. Consumers are likely to purchase Defendant's services believing that Defendant is affiliated, sponsored by, or associated with Plaintiff, resulting in a loss of goodwill to Plaintiff.

50. Defendant's acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

51. Defendant's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake, and/or to deceive.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

53. Plaintiff has no adequate remedy at law because the marks shown and described in Plaintiff's Registrations are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

54. Unless enjoined by the Court, Defendant and those acting in concert with it will continue to infringe Plaintiff's intellectual property rights in the marks shown and described in the Plaintiff's Registrations, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the marks shown and described in Plaintiff's Registrations, and/or marks and product configurations confusingly similar thereto, and to ameliorate and mitigate Plaintiff's injuries.

55. Upon information and belief, Defendant has engaged in the above-referenced acts of unfair competition with knowledge of Plaintiff's exclusive rights in the marks shown and described in Plaintiff's Registrations, and Defendant will continue in such acts unless enjoined by the Court.

## COUNT III

**(Dilution Under Section 43(c) Of The Lanham Act, 15 U.S.C. § 1125(c) – Plaintiff's Registrations)**

56. Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-55.

57. The marks shown in Plaintiff's Registrations are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

58. Plaintiff has been using the marks shown in Plaintiff's Registrations in commerce in connection with the advertising, promotion, and provision of its services for more than twenty-five (25) years.

59. The marks shown in Plaintiff's Registrations are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

60. Defendant is using the TEKSYSTEMS mark in the advertising and promotion of its services, without authorization from Plaintiff, which are diluting the distinctive quality of Plaintiff's marks, and decreasing the capacity of such marks to identify and distinguish Plaintiff's goods and services.

61. Defendant has intentionally and willfully diluted the distinctive quality of Plaintiff's famous trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

62. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

63. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by the Court.

64. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT IV

### (Delaware Common Law Unfair Competition)

65. Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-64.

66. Plaintiff owns and enjoys common law trademark rights in the marks shown in the Plaintiff's Registrations in the State of Delaware and throughout the United States.

67. The marks shown in Plaintiff's Registrations operate as indicators of source and/or origin, particularly when used in interstate commerce.

68. Moreover, the marks shown in Plaintiff's Registrations have acquired distinctiveness via secondary meaning.

69. Defendant, through its use, display and copying of the TEKSYSTEMS Marks in connection with the sale of its services, has without authorization, in connection with its services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of Defendant's services in violation of the common law of the State of Delaware.

70. Consumers are likely to purchase Defendant's services believing that Defendant is affiliated or associated with or sponsored by Plaintiff, resulting in a loss of goodwill to Plaintiff.

71. Defendant's acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

72. Defendant's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

73. As a direct and proximate result of Defendant's conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

74. Upon information and belief, Defendant's acts of unfair competition are, and have been, oppressive, fraudulent, and malicious, thus entitling Plaintiff to punitive damages.

75. Plaintiff has no adequate remedy at law because the marks shown in Plaintiff's Registrations are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

76. Unless enjoined by the Court, Defendant and those acting in concert with it will continue to infringe Plaintiff's intellectual property rights in the marks shown and described in

Plaintiff's Registrations, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the marks shown and described in Plaintiff's Registrations, and to ameliorate and mitigate Plaintiff's injuries.

77. Defendant has engaged in the above-referenced acts of unfair competition with knowledge of Plaintiff's exclusive intellectual property rights, and Defendant will continue in such acts unless enjoined by the Court.

## COUNT VI
### (Unjust Enrichment)

78. Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-77.

79. Plaintiff invested substantial time, labor, and money in developing the services offered under the marks shown and described in Plaintiff's Registrations.

80. Defendant has wrongfully misappropriated Plaintiff's goodwill in the services offered under the marks shown and described in Plaintiff's Registrations and has profited from and received certain other benefits as a result of such wrongful misappropriation.

81. Defendant has been unjustly enriched at Plaintiff's expense.

82. It would be inequitable to allow Defendant to retain the profits and other benefits it acquired through its wrongful actions.

83. Accordingly, Plaintiff is entitled to restitution in the amount of Defendant's unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as well as its employees and/or agents, as follows:

    A.    Entry of a judgment that:

        1.    Defendant has infringed Plaintiff's federal trademark rights in Plaintiff's Registrations;

        2.    Defendant's sale of its services constitutes trademark infringement and unfair competition under the Lanham Act;

        3.    Defendant has infringed Plaintiff's common law trademark rights in the marks shown and described in Plaintiff's Registrations;

        4.    Defendant has engaged in trademark dilution by blurring;

        5.    Defendant's sale of its services under Plaintiff's TEKSYSTEMS marks constitutes common law unfair competition; and

        6.    Defendant has been unjustly enriched by the sale of its services under Plaintiff's TEKSYSTEMS marks.

    B.    Entry of judgment that Defendant's acts of trademark infringement and unfair competition detailed herein have been, and continue to be, willful and deliberate.

    C.    Entry of a permanent injunction enjoining Defendant, its agents, servants and employees, and those people in active concert or participation with it from:

        1.    using, infringing, contributing to, or inducing infringement of the Plaintiff's registered and common law trademarks, service marks and trade dress, including, but not limited to, the marks shown and described in Plaintiff's Registrations;

        2.    using any false designation, description or representation regarding the source or sponsorship of its goods and/or services, or stating or implying that Defendant or its agents are connected with the goods and/or services of Plaintiff, thereby damaging Plaintiff's goodwill and reputation;

    3. causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendant's business and/or Defendant's services, including, but not limited to, causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff or any of Plaintiff's goods and/or services;

    4. diluting the value of Plaintiff's famous marks; and

    5. otherwise infringing Plaintiff's common law and registered trademarks and service marks, or otherwise unfairly competing with Plaintiff.

  D. Entry of judgment:

    1. awarding Plaintiff such actual damages as it has sustained by reason of Defendant's acts of trademark infringement, false designation of origin, unfair competition (Lanham Act and common law), dilution, and unjust enrichment (including, but not limited to, a disgorgement of Defendant's profits, Plaintiff's lost profits, and the costs of this action);

    2. awarding treble damages for such trademark infringement;

    3. awarding Plaintiff its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such trademark infringement; and

    4. requiring Defendant to account to Plaintiff for any and all profits derived by it from sales of it services, and to compensate Plaintiff for all damages sustained by reason of such trademark infringement and the other acts complained of herein; all pursuant to the Lanham Act and Delaware common law.

  E. Affording Plaintiff such further and other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests and demands trial by jury on all claims so triable.

| | |
|---|---|
| Dated: July 21, 2025 | **SAUL EWING LLP** |
| | |
| | /s/ Michelle C. Streifthau-Livizos |
| *Of Counsel:* | Michelle C. Streifthau-Livizos (#6584) |
| | 1201 N. Market Street Suite 2300 |
| Sherry H. Flax (*Pro Hac Vice Forthcoming*) | Wilmington, DE 19899-1266 |
| **SAUL EWING LLP** | (302) 421-6800 - Telephone |
| 1001 Fleet Street, 9th Floor | michelle.streifthau-livizos@saul.com |
| Baltimore, MD 21202-4359 | |
| (410) 332-8784 | *Attorney for Plaintiff TEKsystems, Inc.* |
| sherry.flax@saul.com | |