**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TEKSYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 25-911-JLH |
| HUMMINGBIRD TEKSYSTEMS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

This matter is before me on Plaintiff's Motion for Default Judgment and Attorneys' Fees.

(D.I. 19.)  I have read the relevant briefing and declaration (D.I. 20, 21) as well as the Complaint

(D.I. 1).  For the reasons explained below, Plaintiff's Motion will be GRANTED.

**I.      BACKGROUND**

1.      Plaintiff sued Defendant alleging trademark infringement, in violation of 15 U.S.C.

§ 1114, along with related federal and state law claims.  (D.I. 1, "Compl.," ¶ 5.)

2.      Plaintiff is a Maryland corporation engaged in the business of providing

outsourcing and managed information technology ("IT") services and computer project

management services.  (*Id.* ¶ 2.)

3.      Defendant is a Delaware corporation engaged in the business of providing certain

engineering and technical management services.  (*Id.* ¶ 4.)

4.      Plaintiff owns multiple registered trademarks, including "TEKSYSTEMS" and

"TEK."  (*Id.* ¶ 14.)  According to the Complaint, Plaintiff has been using the mark TEKSYSTEMS

in connection with IT services since September 1997.  (*Id.* ¶ 15.)  Plaintiff has over 100 offices

throughout the United States and over 20,000 employees. (*Id*. ¶ 11.)  Plaintiff uses its mark on its website and has done so since 1998. (*Id*. ¶ 12; D.I. 20, "Pl. Br.," at 2.)

5.      Plaintiff alleges that after many years of substantial promotion, advertising, and sales, its marks are well known, legally incontestable, and viewed by the public as a distinctive indication of origin of services. (Compl. ¶¶ 5, 16–19.)

6.      According to Defendant's website, it operated as "Hummingbird Technologies" from on or about September 26, 2016 to on or about April 18, 2021, when the name was changed to "Hummingbird TekSystems." (Compl. ¶¶ 22, 23.)  Defendant was formed as a Delaware corporation in 2021 under the name "Hummingbird TekSystems, Inc." (*Id*. ¶ 21.)

7.      Prior to filing the Complaint, Plaintiff and Defendant were in communication and Plaintiff advised Defendant of its intention to file suit. (D.I. 16.)  Plaintiff filed the Complaint on July 21, 2025.

8.      Plaintiff served Defendant with the Complaint and Summons on August 6, 2025. (D.I. 6.)  Defendant's Answer to the Complaint was due August 27, 2025.  None was filed and since service of the Complaint, Plaintiff has not had any further communication with Defendant. (D.I. 16.)  Plaintiff subsequently sought clerk's entry of default, which was obtained on October 1, 2025. (D.I. 13.)

9.      Plaintiff alleges Defendant's use of the mark "TekSystems" is identical to Plaintiff's registered mark TEKSYSTEMS and, as a result, is likely to confuse consumers into believing that Defendant's services are affiliated with Plaintiff.  Plaintiff now seeks default judgment and attorneys' fees and costs.

## II.   LEGAL STANDARDS

10.   Entry of default judgment is a two-step process. *Tristrata Tech., Inc. v. Med. Skin Therapy Rsch., Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010).  First, the party seeking a default judgment must request that the Clerk of Court enter default against the party that has failed to answer the pleading or otherwise defend itself in the action.  Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, No. 14-1170, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016).  After default has been entered, a plaintiff may obtain a default judgment.  Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1.  If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of Court.  Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1.  Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata Tech.*, 270 F.R.D. at 164.

11.   Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  For purposes of this determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Genedics, LLC v. Meta Co.*, No. 17-1062, 2019 WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)) (internal quotation marks omitted).

12.   To recover attorneys' fees in a trademark infringement action, a party must demonstrate an "exceptional case."  15 U.S.C. § 1117(a).  An exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering

both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Lontex Corp. v. Nike, Inc.*, 107 F.4th 139, 156 (3d Cir. 2024) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)) (internal quotation marks omitted); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (eliminating the first step of the traditional "two-step process" that required a finding of culpability on the part of the non-prevailing party).  In determining whether a case is exceptional, courts must employ a "case-by-case exercise of their discretion, considering the totality of the circumstances." *Fair Wind Sailing*, 764 F.3d at 315 (quoting *Octane Fitness,* 572 U.S. at 554) (internal quotation marks omitted).

13.    If a case is declared exceptional, the prevailing party may recover its reasonable attorneys' fees.  15 U.S.C. § 1117(a).  To determine whether a fee request is reasonable, courts in the Third Circuit use the lodestar formula, "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Nat'l Salvage & Serv. Corp. v. Sula Valley Biogas, SA de C.V.*, No. 22-1428, 2023 WL 4744769, at *2 (D. Del. Jul. 25, 2023) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).  The party seeking attorneys' fees bears the burden of showing that the rates and hours claimed are reasonable.  *Id.*  "In calculating the hours reasonably expended, a court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Id.*  (quoting *Maldonado*, 256 F.3d at 184).  "Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Id.*

4

### III.    MOTION FOR DEFAULT JUDGMENT

14.    The Clerk of Court entered default in this case on October 1, 2025.  (D.I. 13.)  It is now for the Court to determine whether Plaintiff is entitled to default judgment.  It is.

15.    Defendant has not asserted any potential defenses.  That alone is sufficient to conclude that Defendant doesn't appear to have a "litigable defense."  *See J & J Sports Prod., Inc. v. M&I Hosp. of Del., Inc.*, No. 15-353, 2018 WL 6040254, at *2 (D. Del. Nov. 19, 2018) ("It is not apparent that [defendant] has a litigable defense given its failure to respond to the action."); *Am. Bridal & Prom Indus. Assn., Inc. v. Jollyprom.com*, No. 17-2454, 2018 WL 1226106, at *3 (D.N.J. Mar. 9, 2018) ("Where a defendant has not responded and there are no defenses reflected in the record, courts cannot say whether a meritorious defense exists and are permitted to presume that none exists.").

16.    Plaintiff has also established it will be prejudiced if judgment is denied because it is otherwise hindered from pursuing its claims, given Defendant's refusal to communicate with Plaintiff and/or participate in this litigation.  *See Turner v. Corr. Med. Serv., Inc.*, 262 F.R.D. 405, 407 (D. Del. 2009) ("Prejudice is established . . . when a plaintiff's 'ability to pursue the claim has been hindered . . . .'") (quoting *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir. 1982)); *see also Eden Foods, Inc. v. George*, No. 22-409-RGA, 2023 WL 2926592, at *3 (D. Del. Apr. 13, 2023) ("Plaintiff has shown it will be prejudiced by its inability to enforce its marks if the motion is denied because the Defaulting Defendants have been unresponsive to Plaintiff's efforts to communicate and will likely continue to infringe Plaintiff's trademarks.").

17.    Finally, it is clear Defendant's delay in this case is due to its own culpable conduct.  Conduct is "culpable" when it's "taken willfully or in bad faith."  *Chamberlain*, 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983)) (internal

quotation marks omitted).    Plaintiff advised Defendant before filing suit of Defendant's infringement and that Plaintiff intended to file suit.  Defendant was properly served with the ensuing Complaint.  Nevertheless, Defendant has simply decided not to participate.  Plaintiff has thus established all three *Chamberlain* factors and default judgment is appropriate.

### IV.    MOTION FOR ATTORNEYS' FEES

18.    I find that "the substantive strength of [Plaintiff's] litigating position" makes this case exceptional.  *Lontex Corp.*, 107 F.4th at 156.  Plaintiff has used its registered mark in commerce since 1997.  In 2021, Defendant intentionally changed its name to include Plaintiff's exact registered mark.  Defendant was put on notice of its infringement but chose to continue.  As of the date of the instant motion, Defendant continued to use Plaintiff's mark on its website.  Based on the totality of facts alleged in the record—including Defendant's apparent willfulness and refusal to litigate this case[1]—I find this case to be exceptional and will award Plaintiff its reasonable attorneys' fees and costs.

19.    Plaintiff submitted a Declaration of Attorneys' Fees and Costs reflecting total attorneys' fees in the amount of $30,807.44 and total costs in the amount of $1,186.98, as of the date of the filing of the instant motion.  (D.I. 21.)  The attorneys' fees are composed of the discounted hourly rate for one partner, one associate, and one paralegal.  (D.I. 21 ¶ 4.)  Plaintiff does not provide the relevant prevailing market rates for comparison; however, Plaintiff does show that the partner's hourly rate was discounted by over $200/hour; the associate's rate was discounted by roughly $100/hour; and the paralegal's rate was discounted by approximately $50/hour.  (D.I.

---

[1] *See Cosmetic Warriors Ltd. v. Nailush LLC*, No. 17–1475, 2017 WL 5157390, at *7 (D.N.J. Nov. 6, 2017) (finding that defendant "litigated this case in an unreasonable manner because it both *failed* to litigate and acted culpably by continuing its infringement of [plaintiff's] trademark long after it had knowledge that its mark was confusingly similar . . . .") (emphasis in original).

21 ¶ 4 and Ex. A.)  I think it's fair to assume that these significantly discounted rates are either at or below the prevailing market rates for the relevant community, and I thus find that the rates are reasonable.  As for the claimed hours, the total number of hours reported is 60.8.  (D.I. 20 at 15; D.I. 21, Ex. A.)  I reviewed the hours reported for each task and find them to be reasonable.[2]  (D.I. 21, Ex. A.)  I will therefore award Plaintiff the requested fees and costs.

### V.      CONCLUSION

20.      For the foregoing reasons, Plaintiff's Motion for Default Judgment and Attorneys' Fees will be granted.  A separate order will be entered.

Dated: April 6, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[2] I also considered in my analysis of reasonableness that the matter was staffed reasonably, with just one associate to manage the initial drafting and general case management; one partner to review the work of the associate and handle higher-level decisions; and one paralegal to handle the administrative tasks.  (*See* D.I. 21, Ex. A.)